Opinion issued October
27, 2011.

 



 

 

 

 

 

In
The

Court of Appeals

For The

First District of
Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-11-00742-CR

____________

 








juan cisneros, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 

On Appeal from the 174th
District Court

Harris County, Texas

Trial Court Cause No. 1297903

 

 



MEMORANDUM
OPINION








          Appellant,
Juan Cisneros, pleaded guilty to the offense of driving while intoxicated.  The trial court found appellant guilty, and,
in accordance with the terms of appellant’s plea bargain agreement with the
State, sentenced appellant to 12 years’ confinement.  Appellant filed a pro se notice of appeal.  We dismiss the appeal. 

In a plea bargain case, a defendant
may appeal only those matters that were raised by written motion filed and
ruled on before trial, or after getting the trial court’s permission to appeal.  Tex.
R. App. P. 25.2(a)(2).  An appeal
must be dismissed if a certification showing that the defendant has the right
of appeal has not been made part of the record.  Tex. R.
App. P. 25.2(d).

Here, the trial court’s certification
is included in the record on appeal. See id.
 The trial court’s certification states that
this is a plea bargain case and that the defendant has no right of appeal.  See Tex. R. App. P. 25.2(a)(2).  Appellant did not appeal any pre-trial
matters, and the trial court did not give permission for appellant to appeal. The
record supports the trial court’s certification. See Dears v. State, 154 S.W.3d 610, 615 (Tex. Crim. App.
2005).  Because appellant has no right of
appeal, we must dismiss this appeal.  See Chavez v. State, 183 S.W.3d 675, 680
(Tex. Crim. App. 2006) (“A court of appeals, while having jurisdiction to
ascertain whether an appellant who plea-bargained is permitted to appeal by
Rule 25.2(a)(2), must dismiss a prohibited appeal without further action,
regardless of the basis for the appeal.”). 

Accordingly, we dismiss the appeal
for want of jurisdiction.  All pending
motions are dismissed as moot.

PER CURIAM

Panel consists of Justices Keyes, Higley, and
Massengale.

 

Do not publish. 
Tex. R. App. P. 47.2(b).